UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH VIGLIONE,  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>WHALERS BREWING COMPANY, LLC  )<br>    Defendant  ) | C.A. No. |

COMPLAINT AND JURY DEMAND

PARTIES

1. Plaintiff Keith Viglione ("Viglione") is an individual residing in Newburyport, Massachusetts.

2. Whalers Brewing Company LLC ("Whalers") is a limited liability company organized under the laws of the State of Rhode Island with a principal place of business in South Kingstown, RI.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 and 1338 because this case arises under the Federal Copyright Act, 17 U.S.C. §101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Viglione's cause of action arose and Viglione has been injured in this judicial district, and because Defendant is targeting Massachusetts customers through its website and social media pages.

## FACTS

A. <u>The Plaintiff, His Photography Business and Copyright Registrations.</u>

5. Since at least as early as 2014, Viglione has been a professional photographer. While Viglione has photographed thousands of subjects, his particular focus is on photographing iconic Massachusetts images. These iconic images include, without limitation, an image of the Prudential Tower in Boston lit up with the words "GO PATS" in connection with the New England Patriots' appearance in the 2017 Super Bowl. This image was taken by Viglione in February of 2017.

6. Although Viglione publicly displays his works at his website, social media platforms, and elsewhere, Viglione takes significant steps to protect his rights in his original works. Viglione has registered copyrights for virtually all of his photographs with the United States Copyright Office, including the GO PATS image. That copyright registration certificate is attached to this complaint as Exhibit A.

7. Additionally, Viglione vigorously protects his intellectual property rights by entering into voluntary licensing agreements with those seeking to use his copyrighted works, and by pursuing infringements of his works.

8. In short, Viglione has developed significant goodwill and value in his works, which are well-known and sought after throughout the region.

B. <u>The Defendant's Infringing Activities and Refusal to Pay a Licensing Fee</u>.

9. In or around March of 2023, Viglione learned that the Defendant was hosting Facebook and Instagram pages where it displayed without authorization reproductions of Viglione's GO PATS work that substituted defendant's logo for the "GO PATS" light pattern on the building in Viglione's image. Screenshots showing the infringing reproductions of the

Viglione work are attached hereto as Exhibits B and C.  The image was posted on Defendant's social media pages starting in or around June of 2022.

10.  As a result, Viglione contacted Defendant in March of 2023 to report the infringement.

11. While the Defendant did remove the infringing image from its social media pages, despite repeated demands by Viglione Defendant has only offered to pay a nominal licensing fee for its use of the image.

12.   Upon information and belief, Defendant copied the copyrighted work from the internet in order to create the infringing work.

13. Upon information and belief, and as shown by the fact that Defendant superimposed its corporate logo into the infringing work it created, Defendant created the infringing work to use for its own commercial purposes.

14. Defendant was never authorized to use Viglione's copyrighted work.

COUNT I
COPYRIGHT INFRINGEMENT
17 U.S.C. § 501

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 of the complaint.

16. Viglione is the owner of the exclusive copyright in his work identified in paragraph 5 above.

17. The Register of Copyrights issued a certificate of registration for the work, and the certificate of registration is attached hereto as Exhibit A.

18. Defendant copied Viglione's copyrighted work and created the infringing work without authorization.

19. Defendant displayed the infringing work for its own commercial purpose.

20. Defendant's infringement of Viglione's copyrighted work caused harm to Viglione.

WHEREFORE, Plaintiff Keith Viglione prays that this Court:

1. Enter judgment in favor of Plaintiff on Count I of the complaint;

2. Award Plaintiff actual damages pursuant to 17 U.S.C. § 504 in an amount to be determined at trial;

3. Award Plaintiff statutory damages pursuant to 17 U.S.C. § 504;

4. Award Plaintiff attorneys fees and costs pursuant to 17 U.S.C. § 505;

5. Award Plaintiff interest on judgment as provided for by law; and

6. Award such further relief as the Court deems just and appropriate.

## Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

KEITH VIGLIONE,
By his attorney,

    /s/ Thomas E. Kenney        
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com